UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x

JOHN DAVIS

                         Plaintiff,

         -against-

THE CITY OF NEW YORK, WILLIAM SOMMER, STEVE LAFORTUNE, (FIRST NAME UNKNOWN) EDWARDS, (FIRST NAME UNKNOWN) DILAPI, "JOHN DOES" (FULL NAMES UNKNOWN) 1-4.

                         Defendants.
----------------------------------------------------------- x

2013 NOV 13 AM 9:46

**COMPLAINT**

JURY TRIAL DEMANDED

LEVY, M.J.

Plaintiff JOHN DAVIS, by and through his attorneys, **THE LAW OFFICES OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2.    The claims arise from a February 2011 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, unlawful stop and frisk, unlawful detention, unlawful search and seizure, larceny, robbery, conversion, intentional and reckless infliction of emotional distress.

1

3. The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, the return, with interest, of money unlawfully seized by defendant officers, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff JOHN DAVIS is a sixty-nine year old male who, at the time of the events complained of herein, and at all times hereinafter was and is a resident of the State of New York and the County of Kings. He is a disabled Veteran of the United States Armed Forces and is of African-American ancestry.

9. Defendant the City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant the City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant the City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

11. Defendants LaFortune, Sommer and Edwards, DiLapi and John Does No 1-4 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York and/or the New York City Police Department, a municipal agency of defendant the City of New York.

12. Defendants LaFortune, Sommer and Edwards, DiLapi and John Does No. 1-4 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

13. Defendants LaFortune, Sommer and Edwards, DiLapi and John Does No. 1-4 are sued individually.

## **STATEMENT OF FACTS**

14. On February 3, 2011, approximately 5:30PM, plaintiff entered the E & M deli (a convenience/grocery store) at 231 Malcolm X Boulevard in Brooklyn, New York.

15. Plaintiff waited on line and, when it was his turn, purchased a "TAKE 5" New York lottery ticket. At this point, defendant officers approached plaintiff.

16. One of the defendant officers grabbed plaintiff by the shoulder and said: "Step over here, 'Pop'" while indicating the back area of the deli, whereupon plaintiff was marched by defendant officers to that area of the store.

17. Defendant officers then searched plaintiff by patting him down and checking all his pockets, withdrawing two bundles of United States Currency that plaintiff was carrying his pockets totaling approximately four-thousand dollars.

18. Defendant officers interrogated plaintiff about the cash he was carrying, insisting that plaintiff is a drug dealer or he would not be in possession of so much cash.

19. Plaintiff attempted to explain that he was a landlord, and that he had just cashed rent checks at the bank and that bank surveillance and other records would bear this out.

20. Defendant police officers placed one of the bundles of cash—totaling approximately $2673.00—back into plaintiff's pocket saying: "this one we're letting you keep" and "you're lucky you're getting any of it back and that you're not getting arrested."

21. Defendant officers then left the location in possession of plaintiff's second bundle of cash, totaling approximately $1327.00. Plaintiff was not arrested or charged with any crimes.

22. Plaintiff contacted the Internal Affairs Bureau ("IAB") of the NYPD and filed a complaint (No. 1104901) with Sgt. DiLapi. Plaintiff also provided names and contact information for eyewitnesses to the incident. However IAB never followed up with plaintiff with the results of the promised "investigation".

23. Defendant Sommer has been previously sued in this Court for allegations regarding unlawful search and seizure under color of law. See *Gibson & Sanders v. The City of New York, et.al, 10-CV-498*. In *Gibson*, the plaintiffs argued that defendant Sommer, acting in concert with other New York City police officers, detained plaintiffs and unlawfully searched plaintiff's premises in violation of the very limited scope of search authorized by a warrant.

24. Additional allegations against defendant Sommer regarding unlawful search and detention for economic gain were made in the case of *Charbonier & Charbonier v. The City of New York, et.al, 11-CV-4764*. In *Charbonier*, plaintiffs alleged they were approached by defendant Sommers and other police officers and illegally searched and detained, then, notwithstanding the fact that no contraband was found, placed under arrest, being told by defendant Sommers and others: "*You're helping me pay for my house.*"

25. Defendant DiLapi has been previously sued in the Southern District of New York for allegations related to the unlawful search of persons and premises wholly without probable cause. See *Best et.al v. City of New York et.al. 05-cv-9905*. In *Best*, plaintiffs alleged defendant police officers subjected them to the unlawful entry of plaintiffs' home, falsely detained plaintiffs, and committed assault and battery on the plaintiffs, among other things.

26. All three of the above lawsuits against, *inter alia*, defendants Sommer and DiLapi were settled by the City, which made cash payments in return for such settlements.

27. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

28. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

29. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his right, pursuant to the Fourth Amendment of the United States Constitution, to be free from an unreasonable search and seizure of his person;

    b) Violation of his right, pursuant to the Fifth Amendment of the United States Constitution, not to be deprived of his liberty without Due Process of Law.

    c) Violation of his New York State Constitutional rights under Article 1, §12, to be free from an unreasonable search and seizure;

    d) Violation of his right to Due Process of Law pursuant to Article 1, §6 of the New York State constitution and the Fourteenth Amendment to the United States Constitution.

    e) The taking of his property by tacit threat of deadly force in violation of constitutional and statutory rights and common law.

f) Emotional trauma and suffering, including fear, embarrassment, powerlessness, humiliation, emotional distress, frustration, inconvenience and anxiety;

## FIRST CAUSE OF ACTION
### (Deprivation of Federal Civil Rights under the United States Constitution and 42 U.S.C. §§ 1981 and 1983)

30. The preceding paragraphs are here incorporated by reference.

31. By their conduct and actions in unlawfully stopping, detaining, frisking and searching plaintiff, and in unlawfully seizing United States Currency from plaintiff that plaintiff lawfully possessed, and in failing to intercede on behalf of plaintiff and protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants LaFortune, Sommer, Edwards, and John Does No. 1-4, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff' Constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments.

32. As a result of the foregoing, plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### (Deprivation of Federal Civil Rights under 42 U.S.C. § 1985)

33. The preceding paragraphs are here incorporated by reference.

34. In an effort to find fault to use against the plaintiff and in an effort to conceal their actions as alleged in the paragraphs above, defendant officers conspired among themselves, and conspired with others to deprive plaintiff of his Constitutional rights under 42 U.S.C. §1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

35. Thus defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

36. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

### THIRD CAUSE OF ACTION
**Liability for New York State Constitutional Violations under Article I §§ 1, 5, 6, 8, 11 & 12**

37. The preceding paragraphs are here incorporated by reference.

38. By reason of the foregoing, and by unlawfully stopping, detaining, frisking and searching plaintiff, and in unlawfully seizing United States Currency from plaintiff that plaintiff lawfully possessed, and in failing to intercede on behalf of plaintiff and protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants LaFortune, Sommer, Edwards, and John Does No. 1-4 deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article I §5 (prohibiting cruel and unusual punishments), Article I §6 (providing for due process), Article I §8 (guaranteeing freedom of speech), Article I §11 (prohibiting discrimination in civil rights and providing for equal protection of laws) and

Article I §12 (prohibiting unreasonable searches and seizures) of the New York State Constitution.

39. In addition, defendants LaFortune, Sommer, Edwards, DiLapi and John Does No. 1-4 conspired among themselves and conspired with other individuals to deprive plaintiff of his rights secured under Article I §§ 5, 6, 8, 11 and 12 of the New York State Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

40. Defendants LaFortune, Sommer, Edwards, and John Does No. 1-4 acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without any authority of law, and were in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights as secured by Article I §§ 5, 6, 8, 11 and 12 of the New York State Constitution.

41. Defendants, their officers, agents, servants and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

42. The preceding paragraphs are here incorporated by reference.

43. Defendants LaFortune, Sommer, Edwards, and John Does No. 1-4, subjected plaintiff to unlawful detention, search and seizure of personal property wholly without any basis, in a public place.

44. Defendants LaFortune, Sommer, Edwards, and John Does No. 1-4, have thus deprived plaintiff of his civil, constitutional and statutory rights and have conspired to

deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

45. As a result of the allegations above, plaintiff suffered extreme emotional distress, great anxiety, humiliation, frustration, pain, and fear, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

a) In favor of plaintiff in an amount to be determined by a jury for each of plaintiff' Causes of Action;

b) Awarding plaintiff punitive damages[1] in an amount to be determined by a jury for each of plaintiff' Causes of Action;

c) Awarding to plaintiff the return of the sum of United States Currency unlawfully seized by defendants LaFortune, Sommer, Edwards, and John Does No. 1-4, with interest;

d) Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

---

[1] Punitive damages are sought only as to the individual officers.

e) Granting such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
November 12, 2013

                               Respectfully submitted,

                               **SCOTT. G. CERBIN, ESQ., PLLC**
                               Counsel for the Plaintiff

                               By: Scott G. Cerbin (SC5508)
                               16 Court Street, Suite 2910
                               Brooklyn, NY 11241
                               (718) 596-1829
                               (718) 228-4612 (FAX)